[Civil No. 995.   Filed March 22, 1907.]

[89 Pac. 541.]

JOHN J. HOWARD and GEORGE RAUM, Defendants and Plaintiffs in Error, v. NORTON-MORGAN COMMERCIAL COMPANY, a Corporation, Plaintiff and Defendant in Error.

1. APPEAL AND ERROR—OBJECTIONS WAIVED—REVIEW—SCOPE.—When an amendment was made without objection in the lower court, the allowing of such amendment will not be reviewed on appeal.

2. SAME—RECORD—REVIEW—SCOPE.—When the record does not disclose that any request whatever was made of the court in connection with its instructions to the jury, the failure of the court to instruct the jury in certain particulars will not be reviewed.

3. ACCORD AND SATISFACTION—DEFENSE—EVIDENCE.—When in an action on an account an agreement was received in evidence which, although it was not pleaded, was claimed to operate as an accord and satisfaction, the fact that the evidence discloses that the requirements of the agreement were not carried out prevents it from operating as such.

ERROR from the District Court of the Second Judicial District, in and for the County of Cochise. Fletcher M. Doan, Judge. Affirmed.

Allen R. English, for Plaintiffs in Error.

Francis M. Hartman, and D. L. Cunningham, for Defendant in Error.

"A motion for a new trial must be determined at the term when the motion is made." *McKean* v. *Zeller*, 9 Tex. 58;

*Laird* v. *State,* 15 Tex. 317.   ''This court takes judicial notice of the fact that presumptively a term of court ends on the day prior to the beginning of a new term.''   *Hand* v. *Ruff,* 3 Ariz. 175, 24 Pac. 257.

CAMPBELL, J.—The Norton-Morgan Commercial Company brought this action as assignee of John H. Norton & Company, to recover from J. J. Howard and George Raum the sum of $640.12, the value of goods, wares and merchandise alleged to have been sold and delivered by John H. Norton & Co. to J. J. Howard, at the instance and request of Raum and Howard.   It is alleged that at the time the goods were so sold and delivered Howard and Raum were engaged as partners in developing and working certain mines, and that the goods were used by Howard in and about the development and working of those mines.   The defendants, for answer, deny that they were partners in the development and working of the mines, or that the goods were used in or about the development and working of the mines, or that the goods were furnished at the instance and request of Raum.   It is alleged that the goods were sold and delivered to Howard and that they were for his individual use.   A counterclaim was set up by Howard for the value of certain ores delivered by him to John H. Norton & Co.   A jury trial resulted in a verdict and judgment for plaintiff for $500.

The first assignment of error is that the court erred in permitting plaintiff to amend its complaint during the progress of the trial.   The amendment was made without objection and therefore may not now be complained of.   The other assignments of error, except the ninth, allege error because of the failure of the court to instruct the jury in certain particulars.   The record does not disclose that any request whatever was made of the court in connection with its instructions to the jury.

In the ninth and last assignment, it is contended that the verdict and judgment are contrary to the law and evidence. The basis of this contention is an agreement between John H. Norton & Co. and Howard and Raum, executed November 24, 1902.   This agreement recites: ''That, whereas, John H. Norton & Company have agreed to secure a deed from H. J. Clifford for an undivided two-thirds interest in and to the following described property; . . . Now, therefore, in consideration of that the said John H. Norton & Company

shall secure the said deed from H. J. Clifford to George Raum and J. J. Howard for the aforesaid property, the said George Raum and J. J. Howard agree to execute their promissory note to the said John H. Norton & Company in the sum of $1,140, payable one year from the date of this agreement, said note to bear six per cent interest per annum. Said note shall be a full settlement of John H. Norton's account against J. J. Howard; also full settlement of all claims of J. J. Howard against Norton & Company, and against H. A. Morgan, administrator of the estate of G. W. Sanders, deceased, and of all claims of J. J. Howard against said estate. Should the John H. Norton & Company fail to secure the said deed, as above set forth, then this agreement shall be null and void and of no effect.'' This agreement was put in evidence without objection on the theory that it shows that Raum thereby acknowledged a joint liability for the account sued upon. We agree with the plaintiffs in error that for obvious reasons it may not be so construed. Plaintiffs in error insist, however, that the agreement operated as an accord and satisfaction, and bars this action upon the original account. Waiving the fact that it was not pleaded, we see no merit in the contention. The evidence discloses that the requirements of the agreement were not carried out, and it therefore became of no effect. We regard it as having no bearing on the issues of the case.

The judgment is affirmed.

KENT, C. J., and SLOAN and NAVE, JJ., concur.